RITTER *v.* AMERICAN TRANSIT LINES ET AL.

[No. 20,691. Filed September 28, 1967. Rehearing denied October 30, 1967. Transfer denied December 21, 1967.]

*Benjamin Piser,* of South Bend, for appellant.

*Roland Obenchain, Jr.,* and *Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, for appellees.

BIERLY, J.—Appellant, plaintiff below, brought this action for damages, for personal injuries arising out of a motor vehicle collision. Trial was had by jury which returned a verdict for the appellant and against the appellees in the sum of five hundred ($500.00) dollars. The court entered judgment consistent with the verdict.

The appellant then filed his motion for a new trial, specifying the following:

"1. Error of law occurring at the trial, as follows:

"The Court erred in permitting defense counsel, after the Court had sustained plaintiff's objections to defense counsel's attempts to read excerpts from medical treatises and medico-legal treatises into the record as direct testimony, to make his offers to prove with reference to the 10 different treatises in the presence of the jury over the plaintiff's objections that the making of the offers to prove in the presence of the jury was improper procedure and unduly prejudicial to plaintiff, thereby denying to the plaintiff a fair trial, even though the Court, at the request of the plaintiff, admonished the jury to disregard defense counsel's conduct.

"2. Plaintiff was awarded substantially less recovery than the facts in evidence show his actual pecuniary loss to be."

The above motion was overruled, and such action was subsequently assigned as the sole error in this appeal.

The factual situation, as alleged in the complaint, indicates that the appellant was a passenger in an automobile being driven by one Lyle Ellis Gilbert in an easterly direction in the south lane of the east bound roadway of the Northern Indiana Toll Road in St. Joseph County. The appellee, Lee, was operating a tractor-trailer for the appellee American Transit Lines in the same lane, behind the appellant. The tractor-trailer struck the automobile in which the appellant was riding, in the left rear, and with the result, as alleged in appellant's complaint, as follows:

". . . plaintiff's head and cervical spine were whiplashed causing injuries to the cervical and dorsal spine; that the muscles, cords, and ligaments in the plaintiff's cervical and upper dorsal spine were sprained and twisted; that the nerve roots and said cervical and dorsal spine were bruised with a resulting anesthesia of the left foot; that plaintiff suffered injury to the lumbo-sacral spine, the sciatic nerve, and sciatic causalgia going into the entire left hip, leg, foot, and groin; that plaintiff suffered neuropathy on the left side and Reynaud's Phenomenon involving the left lower extremity; that the plaintiff suffered severe shock to his entire nervous system; that the plaintiff suffered and will continue to suffer severe mental and physical pain and anguish; and that the plaintiff was disabled from attending to his business and occupation, and suffered permanent impairment of his earning capacity."

The prayer for relief was in the amount of $150,000.00, the alleged amount consisted of $2,719.87 for medical and hospital expenses paid; $1,500.00 for future reasonable medical expenses, and $1,500.00 for loss of wages.

We note at the outset, that appellees have raised the question of non-compliance with the Rules of the Supreme Court, in particular, Rule 2-17, at it applies to briefs. However, we feel that appellant has made a good faith effort to comply, and that his brief is not fatally defective.

Concerning the first specification of error alleging that the trial court erred in the manner in which it permitted the various offers to prove to be made, the record discloses that the appellees made eleven (11) attempts to introduce into the record evidence medical testimony by the us of various medical textbooks. In each instance the appellant made an objection to the introduction of medical textbooks, and in each instance the trial court sustained the objection. In each instance the appellees, following the sustaining of an objection, offered to prove medical facts by reading from a medical textbook. Such offers were made in the presence of the members of the jury but were made in such a manner that such offers were inaudible to the jury. Following the third offer to prove, the appellant requested the trial court to admonish the jury that the

manner of the making of the offer to prove was not proper. The trial court refused to so admonish the jury, but did state to the jury that they should disregard the procedure used in making the offer to prove. Following the fourth offer to prove, the appellant's counsel moved that any additional offers to prove be made out of the presence of the jury, with the following statement:

"Mr. Obenchain has now read from four volumes. He has a total of ten volumes from which apparently he is going to read, and although the Court has made direct admonishments the Jury has no validity for its consideration. Plaintiff again moves it be continued outside the presence of the Jury because of the continued efforts to influence the Jury by this conduct and it seems to be impossible for the Jury to accurately ignore it."
This motion was overruled.

After the attempt of the counsel of the appellees to read excerpts from the eighth textbook, appellant's counsel requested the trial court to admonish the jury not to pay attention to the manner in which the offer to prove was made. The trial court did so admonish them.

Generally, questions such as are found in the case at bar rest largely with the discretion of the trial judge, as was stated in *Sievers* v. *The Peters Box and Lumber Company* (1898), 151 Ind. 642, 660, 50 N. E. 877:

"Whether the statement of counsel as to what a witness will testify in answer to a question to which an objection has been sustained shall be made in the presence of the jury rests in the sound discretion of the trial court; and, unless it is clearly shown by the record that such discretion has been abused, the decision of the trial court upon such question will not be reversed. No abuse of that discretion is shown by the record in this case. When an offer to prove is once fully made, and the question sought to be saved is fully presented, there is no necessity to repeat the offer to prove, and a repetition of the offer is at least subject to censure, whether a ground for reversal or not. The trial court was able to observe the effect, if any, of such offer to prove; and, unless the contrary is shown by the record, the presumption is that no injurious effect followed such offer

to prove, or, if it did, that the same was properly corrected by the court. *Vannoy* v. *Klein,* 122 Ind. 416, 419, 420; Elliott App. Proc., sections 701, 703. See *Pfaffenback* v. *Lake Shore, etc., R. W. Co.,* 142 Ind. 246, 249; *Miller* v. *Dill,* 149 Ind. 326; *Robb* v. *State,* 144 Ind. 569, 571, 572."

We are of the opinion that the trial judge, in the case at bar, did not abuse his discretion, as evidenced by the fact that on two occasions he did instruct the jury to disregard the procedures used in making the offers to prove.

In regard to appellant's second specification of his motion for a new trial, we likewise are of the opinion that no error exists.

Conflicting testimony was presented relative to the existence and causation of subsequent medical complications affecting appellant's health, and for damages. Appellant introduced evidence of medical and hospital expenses in the sum of $366.60, and attempted to prove a loss of earnings of $617.88. However, appellant himself admitted on direct examination that his lost earnings were $370.50 for the period involved, which contradicted his earlier testimony on the subject. Counsel for appellees then proceeded on cross-examination to clear up the inconsistency in the direct testimony. Evidence of receipt of funds from a collateral source was put into evidence. Appellant now attempts to claim error in this regard, without assigning such in his motion for a new trial.

Upon a review of the briefs we find that no instruction was requested concerning this collateral source of evidence. It appears to us that once this evidence was brought into the case, an instruction directing the jury to disregard same in their computation of damages, if any, would have been in order. However, we find no such instruction cited in the briefs, nor do we find that this alleged error in the introduction of this testimony was specified in the motion for a new trial.

Aside from that, we cannot say that the damages assessed by the jury were so inadequate as to indicate the jury was

motivated by prejudice, passion, partiality or corruption, or considered some improper element. *Henschen* v. *New York Cent. R. Co.* (1945), 223 Ind. 393, 61 N. E. 2d 738.

Having found no error properly presented, we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Pfaff, C. J. concurs.

Cook, Smith, JJ., concur.

NOTE.—Reported in 229 N. E. 2d 733.