**Rudolph CARTER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–181A20.**

Court of Appeals of Indiana, First District.

June 30, 1981.

Rehearing Denied July 31, 1981.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Rudolph Carter (Carter) appeals the jury verdict convicting him of voluntary manslaughter of Thomas E. Willett (Willett). Carter argues on appeal that the trial court erred by overruling his motion to dismiss, that the trial court improperly limited his cross examination of a State's witness, that the State failed to establish a sufficient chain of custody for an exhibit, and that Carter should have been re-examined for competency at the conclusion of the trial.

We affirm.

The evidence most favorable to the State reveals that Willett resented Carter's relationship with a former girl friend of Willett. Carter and Willett had previously been involved in a few altercations regarding this woman. On the evening of March 25, 1980, Carter was jogging and noticed Willett was following him. Upon stopping, Carter and Willett soon began arguing and scuffling. Carter testified that he was backing away from Willett when he tripped and his gun accidently discharged. Carter was apprehended by the police after fleeing. Carter submitted to psychiatric evaluation prior to trial and was found to be sane and competent. An information was filed and Carter was found guilty of voluntary manslaughter.

Carter moved to dismiss the information by challenging the constitutionality of the statute defining the offense. Carter argues the statute is unconstitutional because the mandatory sentencing requirements as contained in *Ind.Code* 35–4.1–4–7 invade the power of the judiciary and violate the doctrine of separation of powers as contained in Section 1, Article 3 of the Constitution of Indiana. While our Constitution mandates three branches of government, it is the duty of the legislature to

determine the appropriate penalties for crimes committed in this state, and this power is not subject to alteration by the judiciary. *Critchlow v. State*, (1976) 264 Ind. 458, 346 N.E.2d 591. The legislature adopted IC 35–4.1–4–7 which established a set of aggravating and mitigating circumstances to be examined in sentencing. The establishment of a list of factors to be examined does not invade the power of the judiciary in determining sentences because ample discretion still rests in the trial courts. The trial court must examine the factors as set out in IC 35–4.1–4–7, but it still retains the discretion to lessen or increase the sentence. Upon review, we will not invade the province of the legislature or jury acting within the framework of the statute. *Baum v. State*, (1978) 269 Ind. 176, 379 N.E.2d 437. The trial court acted within the statutory guidelines, so our review of this issue is precluded.

The second issue Carter raises on appeal is whether the trial court erred by limiting the cross-examination of a witness for the State. Carter attempted to elicit testimony concerning whether Willett had been engaged in trafficking drugs illegally. The State objected that this testimony was beyond the scope of the direct examination. The trial court sustained the objection and Carter made an offer to prove. In Indiana, a party may not establish his defense by cross-examining a witness about matter not within the scope of direct examination. *Ringham v. State*, (1974) 261 Ind. 628, 308 N.E.2d 863. Moreover, an offer to prove can only be made on direct examination and it is totally improper on cross-examination. *Sipes v. State*, (1973) 155 Ind.App. 380, 293 N.E.2d 224. There was no error committed by limiting Carter's cross-examination of the witness.

The third issue on appeal is whether the State established a sufficient chain of custody to allow certain items into evidence. The evidence consisted of some money and jewelry found on Willett, which were contained in a sealed envelope from the coroner's office, as well as a photograph depicting these items. While it would be reasona-

ble to infer that these items came from the coroner's office, the State concedes that the record fails to disclose where the items came from and who placed these items in the envelope. Although these items should not have been placed into evidence, any error which resulted from their admission was harmless because Carter has not shown that he was prejudiced. Furthermore, Carter admitted shooting Willett during his pre-trial confession and then gave similar testimony at trial. We cannot ascertain that he was prejudiced by the admission of this evidence.

The final issue raised by Carter is whether the trial court erred in denying a request to determine his mental competency at the conclusion of the trial. Carter's counsel based this motion on Carter's testimony and his behavior at trial. The trial court denied the request stating that Carter had undergone a pre-trial examination by two psychiatrists and was found to be competent to stand trial and sane at the time of the crime. The procedure to determine the competency of a criminal defendant is contained in *Ind.Code* 35–5–3.1–1. This section, in relevant part, provides:

"(a) If at any time before the final submission of any criminal case to the court or jury trying the same, the court, either from its own knowledge or upon the suggestion of any person, has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability. The court shall appoint two [2] competent disinterested psychiatrists, who shall examine the defendant for the purpose of forming an opinion as to whether the defendant has that ability and shall testify concerning the same at the hearing.

The right to a hearing to determine competency is not absolute but it is dependent upon the existence of reasonable grounds that the defendant is incompetent to stand trial. *Baum v. State, supra*.

While Carter had a tendency to ramble during his testimony, Carter always maintained that the shooting was an accident. In this regard, it is consistent with his pretrial statement. The test for a criminal defendant's competency is whether the defendant possesses sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and whether he has a rational and factual understanding of the proceedings against him. *Tinsley v. State,* (1973) 260 Ind. 577, 298 N.E.2d 429. In light the psychiatrists' reports and Carter's testimony, which revealed he understood the nature of the offense charged, we remain unpersuaded that the trial court abused its discretion in denying a second examination.

The judgment is affirmed.

NEAL, P. J., and RATLIFF, J., concur.