**Virgil MURPHY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 3–183A6.**

Court of Appeals of Indiana, Third District.

Sept. 22, 1983.

Robert L. DeLoney, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial, Virgil Murphy was convicted of battery by means of a deadly weapon, a class C felony.[1] Murphy appeals, raising two issues:

(1) Whether the trial court erred in allowing the State to use Murphy's previous testimony before the grand jury to impeach him; and

(2) Whether hitting a person on the head with a shotgun constitutes use of a deadly weapon.

Affirmed.

## I.

### Use of Grand Jury Testimony

Murphy contends that the trial court erred in allowing the State to use his testimony before the grand jury for impeachment purposes[2] following his testimony on direct examination. We disagree.

During cross-examination, the State sought to impeach Murphy using statements he made to the grand jury which were inconsistent with his testimony at trial. The use of prior inconsistent statements for impeachment requires that a proper foundation be laid. *Morris v. State* (1982), Ind.App., 433 N.E.2d 74, 78. In order to lay a proper foundation, the questioning must give the substance of the statement, and the date, place and person to whom the statement was made with sufficient specificity to allow the witness to recall the statement, if he can recall it. *Smith v. State* (1981), Ind., 414 N.E.2d 299, 300. If the witness unequivocally admits making the inconsistent statement, he has impeached himself and no further evidence of the prior statement is necessary. However, if the witness denies or cannot recall making the prior statement, extrinsic evidence may be introduced. *Morris v. State, supra.*

At the beginning of cross-examination, the State established that Murphy appeared before the grand jury on February 25, 1981 and answered questions put to him by the grand jury. During cross-examination, Murphy was made aware of specific portions of that testimony which were inconsistent with statements he had made on direct or cross-examination and given an opportunity to deny making the prior statement or explain any inconsistencies. Murphy denied or did not recall making a majority of the statements which the State read from his grand jury testimony. The foundation laid by the State was adequate, so the trial court did not err in allowing Murphy to be impeached by evidence of prior inconsistent statements.

## II.

### Use of a Deadly Weapon

Murphy was convicted of battery committed by means of a deadly weapon. He contends that the State failed to prove the use of a deadly weapon because he hit the victim over the head with his shotgun but did not shoot him.

A "deadly weapon" is defined as

"(1) a loaded or unloaded firearm; or (2) a weapon, device, equipment, chemical substance, or other material that *in the manner it is used,* or could ordinarily be used, or is intended to be used, is readily capable of causing serious bodily injury."

West's AIC 35–41–1–2 (Supp.1982) (emphasis added). Murphy's shotgun did not need to be fired in order to be used as a deadly weapon; a firearm used as a bludgeoning instrument is capable of inflicting serious bodily injury. *Barber v. State* (1981), Ind. App., 418 N.E.2d 563, 568. Therefore, it was not error to convict Murphy of battery by means of a deadly weapon.

Affirmed.

HOFFMAN, P.J., and NEAL, J. (by designation), concur.

1. Wests AIC 35–42–2–1(3) (Supp.1982).

2. The trial court had ruled that the transcript of Murphy's grand jury testimony was inadmissible as part of the State's case-in-chief because

Murphy was not aware that he was the target of the investigation when he appeared before the grand jury.