**Ricky FOREHAND, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 184S10.

Supreme Court of Indiana.

June 28, 1985.

William T. Enslen, Robert M. Mirkov, Enslen, Enslen & Matthews, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted by a jury of dealing in a schedule II controlled substance, phencyclidine (PCP), a class B felony, Ind.Code §§ 35-48-4-2, 35-48-2-6 (Burns 1984 Cum.Supp.), and was sentenced to fifteen (15) years imprisonment. This direct appeal raises two issues:

(1) Whether the trial court erred in admitting evidence of a drug transaction contemporaneous with the charged offense.

(2) Whether the Defendant was provided with ineffective assistance by trial counsel.

The evidence at trial revealed that a confidential informant contacted Officer Bauner of the Lake County Sheriff's Department and informed him that Defendant desired to sell various drugs. He gave the officer Defendant's telephone number. On October 10, 1981, the officer contacted the Defendant, who told him that he could obtain phencyclidine, and agreed that Defendant should provide ¼ oz. of phencyclidine for $350.00. Officer Bauner, accompanied by another officer, then picked up Defendant and his girlfriend in Valparaiso and drove them to Cedar Lake. During the drive, at Defendant's instructions, his girlfriend sold the officers a small amount of marijuana for $30.00. Although, on that occasion, they visited several locations in Lake County, Defendant was unable to find his source October 10.

On October 13 the confidential informant again contacted Officer Bauner and told him that Defendant could obtain drugs. Bauner called Defendant and eventually met him at his Cedar Lake residence. Once again, problems developed when the officer attempted to purchase ¼ oz. of phencyclidine, and Defendant then sold him a smaller amount for $60.00.

We note parenthetically that the record also discloses that Defendant was present at the beginning of voir dire but fled before his trial began and that, after he was convicted, he was found and arrested in Utah.

### ISSUE I

Defendant contends that the trial court erred in admitting evidence that on October 10, 1981, the first day that he attempted to sell the officers phencyclidine, Defendant had his girlfriend show the officers a small bag of marijuana, which the officers purchased for $30.00. Defendant claims that such evidence was not relevant to the sale of phencyclidine charged to have occurred October 13, 1981, and was unduly prejudicial and inflammatory. We do not agree.

While evidence that a defendant has committed other crimes generally is not admissible to prove the specific crime charged, such evidence may be admitted under various exceptions to this general rule, including the *res gestae* exception. Under the *res gestae* exception evidence may be introduced which completes the story of the crime by proving its immediate context, even if this evidence also shows that the defendant committed other crimes during the course of the charged offense. *See, Blankenship v. State* (1984), Ind., 462 N.E.2d 1311, 1313 and authorities cited. Admission of evidence under the *res gestae* exception generally is left to the sound discretion of the trial court. *Id.,* 462 N.E.2d at 1313.

Defendant argues, in part, that this evidence should not have been admitted because it was his girlfriend, not he, who sold the marijuana to the officers. However, the record conclusively demonstrates that the girlfriend was acting entirely under Defendant's direction during the marijuana transaction. As this Court stated in *Blankenship:*

"The fact that appellant did not commit the act does not render the testimony inadmissible, as there is ample evidence for the jury to find that the two acted in concert. Any and all acts performed by either of them in the course of the crimes are part of the *res gestae.*" (citations omitted.)

Defendant also argues that the evidence of the marijuana transaction of October 10, 1981, was too remote because the transaction in phencyclidine which led to this case occurred on October 13. How-

ever, the record reveals that the officers' contact with the Defendant October 13 occurred as they were trying to complete the transaction that had aborted on October 10. This Court has upheld the admission of evidence of transactions leading to the crime charged, even if the evidence concerned acts outside of the immediate time frame of the charged offense, provided that such evidence otherwise meets the requirements of the *res gestae* rule. *See, e.g., Altman v. State* (1984), Ind., 466 N.E.2d 716, 720. The record demonstrates that Defendant's activities with the officers October 10, when he was unable to obtain the phencyclidine, were simply continued on October 13. There is no question that these events were part of the immediate context of the charged crime, even though they occurred several days earlier.

### ISSUE II

Defendant contends that he was not provided with effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, but we do not agree.

■ Before turning to Defendant's specific contentions, we note that our review of claims of inadequate assistance by counsel is governed by the standard announced by the United States Supreme Court in *Strickland v. Washington* (1984), — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294–97. *Strickland* established a two-part test to determine whether the defendant received adequate assistance by counsel:

> "Under the first step, or 'performance component,' the defendant must demonstrate that the alleged acts or omissions by counsel fell outside the wide range of professionally competent assistance. A strong presumption exists that counsel rendered adequate legal assistance. If the defendant satisfies step one of the test, he then must establish the second step, or 'prejudice component,' under which the defendant will be entitled to relief only if the reviewing court deter-

mines that counsel's errors had an adverse effect upon the judgment.

*Richardson v. State* (1985), Ind., 476 N.E.2d 497, 501, *citing Strickland*, 104 S.Ct. at 2066–2070, 80 L.Ed.2d at 696–700. We examine Defendant's specific contentions in light of this standard.

■ Defendant contends that counsel should have raised a hearsay objection to testimony by Officer Bauner that the confidential informant told the officer that Defendant desired to sell drugs. Had an objection been raised, this evidence arguably was admissible, because it appears to have been offered to explain why the officers took the action they did after their contacts with the informant. We have upheld admission of testimony which, although containing out of court statements by third parties, was introduced primarily to explain why a particular course of action had been taken, inasmuch as such testimony is not hearsay, it not being offered as evidence of the truth of the third party statement. *See, Morris v. State* (1980), 273 Ind. 614, 616–17, 406 N.E.2d 1187, 1189–90; *McNew v. State* (1979), 271 Ind. 214, 215–17, 391 N.E.2d 607, 610. The evidence was not hearsay, hence it was not excludable. At best, Defendant would have been entitled to a limiting instruction concerning its use, and considering the other evidence of Defendant's guilt, which Defendant and his counsel unquestionably must have known was going to follow, the lack of such a limiting instruction appears innocuous in this case. Defendant has not demonstrated, by this argument, that he was deprived of adequate assistance by counsel.

■ Defendant also cites counsel's failure to request an instruction informing the jury that they could convict him of the lesser included offense of possession of a schedule II controlled substance, phencyclidine. See Ind.Code § 35–48–4–7 (Burns 1985 Repl.). However, the evidence would not have supported such an instruction, and it properly would have been refused, as the trial court indicated it would do if the instruction had been submitted. Accordingly, Defendant has not demonstrated that

counsel was inadequate because he did not submit such an instruction.

In deciding whether to give a lesser included offense instruction, the trial court applies the following test:

"In determining whether to instruct the jury that they may return verdicts on lesser-included offenses, the trial court must apply a two-part test. First, by examining the statutes defining greater and lesser-included offenses, and the charging instrument, the court determines whether the lesser-included offenses to be instructed are inherently included in the greater charge, or 'factually' included in the charging instrument's allegations of the means by which the greater crime allegedly was committed. Second, the court must make a determination of whether, assuming that an offense was committed, the evidence would, *prima facie*, warrant a conviction for a lesser-included offense, or could only warrant a conviction for the principal charge, in which case the lesser-included offense instructions should not be given." (citations omitted.)

*Henning v. State* (1985), Ind., 477 N.E.2d 547, 550–551. In this case the evidence conclusively demonstrated that Officer Bauner obtained phencyclidine from someone. The issue at trial was whether or not he obtained phencyclidine from the Defendant. Thus, there is no question that a transaction involving phencyclidine did occur. An instruction that the jury could convict Defendant of the lesser offense of "possession," thus, would not have been warranted under the evidence, would have invited a compromise verdict, and would properly have been refused. Defendant has demonstrated no error by counsel in failing to submit such instructions.

 Finally, Defendant presents a general attack upon trial counsel's performance, arguing in particular that he should have called character witnesses or presented other evidence on Defendant's behalf. However, before a claim of ineffective assistance of counsel can be premised upon his failure to present evidence, it

must be shown that such evidence existed and was reasonably available. Defendant's claim of ineffective assistance of counsel is not borne out by the inaction cited.

We find no error, hence the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.