Howard BURNS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 18A04–8602–CR–42.

Court of Appeals of Indiana,
Fourth District.

Dec. 2, 1986.

Rehearing Denied Feb. 2, 1987.

**19. Criminal Law** ⟨key⟩**338(1)**

Trial court has broad discretion in ruling on relevance of evidence.

J.J. Paul, III, James H. Voyles, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant-Appellant Howard Burns (Burns) appeals his jury conviction for promoting prostitution, a class C felony. IND. CODE 35–45–4–4(2).[1]

We affirm.

---

**1.** 35–45–4–4 Promoting prostitution

Sec. 4. A person who:

ISSUES

Burns presents fifteen issues and sub-issues for our review. We consolidate and restate them as follows:

1. whether the evidence was sufficient to support Burns's conviction for promoting prostitution;

2. (a) whether the State was guilty of misconduct or gross negligence by not disclosing until trial tape recorded statements made by various witnesses during their preliminary interviews, and (b) whether this resulted in denying Burns a fair trial;

3. whether the trial court abused its discretion by not granting Burns a mistrial, or in the alternative, a continuance to permit his attorney to transcribe the above tape recordings;

4. whether the trial court abused its discretion by refusing to allow Burns to introduce transcripts of Joanne, Beatty's (Beatty) testimony at two previous related trials and transcripts of her videotaped statement in this case;

5. whether the trial court erred by admitting Beatty's testimony Burns had given her drugs, and on another occasion, they had sexual relations;

6. whether the trial court abused its discretion by admitting Beatty's testimony Evelyn Gibson (Gibson), a cohort of Burns, was convicted of promoting prostitution; and

7. whether the trial court abused its discretion by sentencing Burns to a maximum sentence of eight years.

FACTS

Burns, age 61, frequently visited a house of prostitution operated by Gibson. They were partners in a similar operation in Florida. On one such occasion, Gibson introduced Burns to Beatty, a 16–year-old prostitute who worked there. Beatty told Burns and Gibson she wanted a driver's license showing her to be 21 years old. She needed it to enter bars and travel to

\* \* \* \* \* \*
(2) knowingly or intentionally procures, or offers or agrees to procure, a person for another person for the purpose of prostitution;

Florida to work as a prostitute for Burns and Gibson without being considered a runaway. Burns told her he had ties at the license branch and could obtain a false driver's license for her.

After making arrangements to meet Beatty, Burns took her to a license branch. He told the clerk there Beatty was his daughter. He said she was out on a boat, lost her purse, and needed a new driver's license. Burns successfully obtained a false driver's license for Beatty. It was in the name of Stephanie A. Brown, age 21.

On the way back to Gibson's house, Burns and Beatty stopped at Burns's office. Burns told Beatty she owed him something in return for the license. The two then engaged in sexual intercourse. Afterwards, Burns telephoned Wayne Kelly (Kelly) and asked him to come to his office to discuss a deal. Burns told Beatty if she had sex with Kelly, she would be paid. Upon Kelly's arrival, he spoke briefly to Burns, who then left the office. Kelly and Beatty then engaged in sexual intercourse. Afterwards, Kelly paid Beatty and left. Burns returned to his office and took Beatty back to Gibson's house.

Burns showed Gibson the false driver's license he obtained for Beatty. Burns and Gibson then discussed sending Beatty to Florida to work for them. However, Burns later told Beatty if she went to Florida, she would not have to work as a prostitute. Instead, Burns said he would support her in exchange for sexual favors.

Other pertinent facts appear below.

DISCUSSION AND DECISION

I. *Issue One*

Burns was convicted by jury of promoting prostitution. He asserts the evidence was not sufficient to support his conviction. Specifically, he claims the State failed to prove the element of knowing procurement.

commits promoting prostitution, a Class C felony.

When reviewing a claim of insufficient evidence, we neither reweigh the evidence, nor judge the credibility of witnesses. Rather, we consider only the evidence most favorable to the State and the reasonable inferences arising therefrom. If there is substantial evidence of probative value supporting the conclusion reached by the trier of fact, we must affirm. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 84. It is within the jury's province to draw reasonable inferences from the facts established by either direct or circumstantial evidence. A conviction may be based solely upon circumstantial evidence. *Correll v. State* (1985), Ind., 486 N.E.2d 497, 500. When the sufficiency of circumstantial evidence is in question, the evidence need not be adequate to overcome every reasonable hypothesis of guilt. Circumstantial evidence is sufficient if an inference may reasonably be drawn from the evidence which supports the verdict. *Lovell v. State* (1985), Ind., 474 N.E.2d 505, 507. Though evidence is circumstantial, a verdict upon which reasonable men may differ will not be set aside. *Survance v. State* (1984), Ind., 465 N.E.2d 1076, 1081.

Burns's contention is without merit. This transaction would not have occurred but for Burns's arrangements. Unquestionably, Burns procured Beatty's sexual services for Kelly. Burns telephoned Kelly and told him to come to his office. Before Kelly appeared, Burns told Beatty if she had sex with Kelly, she would be paid. Kelly arrived at Burns's office. Beatty had sex with Kelly and paid her. I.C. 35–45–4–4(2)'s requirement of "... knowingly ... procure[d] ..." is satisfied by the evidence and the reasonable inferences arising therefrom.

## II. *Issues Two and Three*

Burns contends the State committed misconduct or gross negligence by not disclosing until trial tape recorded statements made by various witnesses during a preliminary interview, and was thereby denied a fair trial. He also claims the trial court abused its discretion by refusing to declare a mistrial, or in the alternative, a continuance.

During Burns's cross-examination of Beatty, she referred to a possible tape recording made of her preliminary statement to the investigators. Consequently, Burns requested the State to produce all tape-recorded statements of the witnesses. The prosecutor denied knowledge of any tapes. However, after conferring with the chief investigator of the case, the State admitted tape recordings were made of various witnesses. The State offered to play these tapes to the defense and the court. The trial judge ordered the State to play the tapes for the defense. The trial was recessed and Burns's attorney was permitted to listen to the tapes. He also took notes while listening to them.

When the court reconvened, Burns moved the court to impound the tapes and to declare a mistrial, or in the alternative, a continuance to make copies and transcripts of the tapes. The State objected to each of Burns's motions, and stated there were no material differences between the tape-recorded statements and the videotaped statements. In addition, the State argued the tapes were work product of the prosecutor and also involved ongoing related prostitution cases, and release of this information would jeopardize further investigation of these cases. The trial judge denied Burns's motion for a mistrial or continuance. (R. 781–782).

Questions of discovery lie within the discretion of the trial court. Absent any showing of clear error and resulting prejudice to the defendant, we will not overturn the trial court's determination on appeal. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 485. Burns's attorney was given the opportunity to listen to the tapes. He took notes while listening to them. He was free to call as witnesses the people he heard on the tapes and question them regarding any alleged inconsistencies he heard.

Burns further failed to show the trial court any clear error and resulting

prejudice, either by the delay in the production, or in their content. The specific alleged inconsistencies he cites in his brief were not raised in the trial court. The record shows Burns made only a general statement to the judge "that there may very well have been a good reason why they were not produced for our inspection." It is a well-settled rule one must state with reasonable specificity any claimed errors in the trial court to preserve an issue for appellate review. *Yurina v. State* (1985), Ind., 474 N.E.2d 93, 99. Accordingly, the trial court did not abuse its discretion by not granting Burns a mistrial or continuance.

### III. *Issue Four*

Burns contends the trial court abused its discretion by not allowing him to introduce transcripts of Beatty's testimony at two previous trials and her videotaped statement in this case. Burns attempted to introduce the transcripts and videotape following the denial of his motion for judgment on the evidence at the close of the State's case in chief to impeach Beatty's testimony in this trial. The State stipulated to the authenticity of the transcripts, but objected to their introduction at that time on the grounds they related to evidence elicited during Burns's cross-examination of Beatty, and therefore, should have been offered at that time. The State further argued Burns never laid a proper foundation for the introduction of the transcripts. The trial judge denied the admission of the transcripts "... for the reasons that the State has presented...." (R. 915–916).

■ Prior inconsistent statements, including prior testimony, may be used to impeach a witness. *Lewis v. State* (1983), Ind., 451 N.E.2d 50, 54. However, a proper foundation must first be laid. *Murphy v. State* (1983), Ind.App., 453 N.E.2d 1026, 1027. In order to establish a proper foundation, the questioning must give the substance of the statement and the date, place, and person to whom the statement was made with sufficient specificity to allow the witness to recall the statement, if he can. *Murphy, supra*, at 1027.

■ Burns never established a proper foundation for the introduction of these transcripts and videotape for impeachment purposes even though he had the opportunity to do so while cross-examining her, or by calling her as his witness. Therefore, the trial judge did not abuse his discretion by not allowing the introduction of the transcripts.

■ Burns also made an offer to prove the contents of the transcripts, which the trial judge also denied. Questions of offer of proof rest largely within the discretion of the trial court. *Ritter v. American Transit Lines* (1967), 141 Ind.App. 474, 229 N.E.2d 733, 735. Offers of proof are proper only upon direct examination. *Carter v. State* (1981), Ind.App., 422 N.E.2d 742, 744. Here, Burns's offer to prove was not made on direct examination. The offer was made after denial of his motion for judgment on the evidence. He had not called any witnesses at that time, nor did he later. The trial judge was correct in stating "there is an appropriate time to have submitted that. This is not that time." (R. 917).[2]

### IV. *Issue Five*

■ Burns contends the trial court erred by admitting Beatty's testimony Burns had given her drugs, and had sexual relations with her on another occasion. Evidence of uncharged criminal activity is inadmissible to prove a defendant's guilt. However, such evidence may be admitted to show motive, intent, common scheme or plan. *McEachern v. State* (1985), Ind.App., 474 N.E.2d 1034, 1036. In addition, such evidence may be introduced to show the *res*

---

**2.** In addition, an offer of proof must be certain and must definitely state the facts sought to be proved. *Tope v. State* (1977), 266 Ind. 239, 362 N.E.2d 137, 142, *cert. denied,* 98 S.Ct. 209, 54 L.Ed.2d 146, 434 U.S. 869. Since Burns did not state with specificity what he sought to prove, his offer of proof fails for this reason also.

*gestae* of the crime charged. *Forehand v. State* (1985), Ind., 479 N.E.2d 552, 554.

■ Here, Beatty testified, over Burns's objection, she and Burns engaged in sexual intercourse on another occasion. Afterwards, Burns paid her. He also told her he could set her up with people who would pay her money in exchange for sexual relations. The trial court did not err by admitting this evidence. It relates to the defendant's intent and common scheme or plan to promote Beatty for prostitution.

■ Beatty was also permitted to testify, over Burns's objection, that he gave a couple of Valium tablets (a controlled substance) to her on the same day he obtained her false driver's license. The admission of evidence under the *res gestae* exception is generally left to the sound discretion of the trial court. *Forehand, supra*, at 554. Pursuant to this exception, evidence may be introduced which completes the story of the crime by proving its immediate context, even if this evidence also shows the defendant committed other crimes during the course of the charged crime. *Forehand, supra*, at 554. This concerned an occurrance contemporaneous to the charged crime which completed the story of the events surrounding the crime. Accordingly, we find no error by the trial court allowing its admission.

### V. *Issue Six*

Burns contends the trial court erred by admitting Beatty's testimony Gibson had been convicted of promoting prostitution. He claims this evidence prejudiced the jury. We agree, but find the error harmless.

■ ■ The trial court has broad discretion in ruling on the relevance of evidence. *Denton v. State* (1986), Ind., 496 N.E.2d 576, 579. Evidence is "relevant" if it logically tends to prove or disprove some issue of fact. *Denton, supra*, at 579. In addition, evidence of separate crimes or misconduct by another is admissible if it directly relates to the totality of circumstances surrounding the defendant's crime. *Hudak v. State* (1983), Ind.App., 446 N.E.2d 615, 617.

In *Hudak*, the court held evidence of a roommate's criminal activity of filling undercover police officers' drug orders was relevant to show how Hudak became involved in filling drug orders. In the present case, however, evidence of Gibson's criminal activity bears no direct relation to Burns's procurement of Beatty and Kelly for purposes of prostitution. Thus, the trial court erred in admitting it.

■ While admission of Gibson's conviction was error, such error was merely harmless when the totality of the evidence is considered. As discussed above, the evidence was clearly sufficient to establish the elements of the crime of which Burns was convicted.

In addition, other evidence was introduced, without objection, showing Burns frequently present at Gibson's house, and Burns and Gibson together running a house of prostitution in Florida. Admission of Gibson's prostitution conviction did not substantially prejudice Burns so as to warrant reversal.

### VI. *Issue Seven*

Burns claims the trial judge improperly sentenced him to an aggravated sentence because the judge found certain mitigating factors did not apply to him. Burns's claim is without merit. The trial judge sentenced Burns to an 8 year term of imprisonment, the maximum for this crime.

■ It is within the trial court's discretion to determine whether a presumptive sentence for a crime will be increased or decreased because of aggravating or mitigating circumstances. *Hill v. State* (1983), Ind., 445 N.E.2d 994, 996. The record should disclose the aggravating or mitigating factors considered when increasing or decreasing the basic sentence. *Hill, supra*, at 996. It is also within the trial court's discretion to determine the weight to be given to aggravating and mitigating circumstances and to increase or decrease a sentence accordingly. *Vanyo v. State* (1983), Ind., 450 N.E.2d 524, 527. On review, we will not alter a sentence imposed by the trial court if it is within statutory

bounds unless it appears the sentence was manifestly unreasonable. Indiana Rules for the Appellate Review of Sentences, Rule 2(1); *Bryan v. State* (1982), Ind., 438 N.E.2d 709, 719. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Indiana Rules for the Appellate Review of Sentences, Rule 2(2); *Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1093.

 Burns also claims there was only one valid aggravating circumstance the judge could properly have considered, i.e., prior felony convictions. However, he cites us to no authority or cases showing the other considerations were improper. I.C. 35–38–1–7(b) and (c) state factors the court *may* consider as aggravating or mitigating circumstances. (Emphasis supplied). Subsection (d) states the criteria listed in (b) and (c) do not limit the matters the court may consider in determining the sentence.

Here, the trial judge cited only one mitigating circumstance and several aggravating circumstances.[3] After carefully identifying and weighing the circumstances, he properly enhanced Burns's sentence. Therefore, the trial judge did not abuse his discretion and the sentence was not manifestly unreasonable.

Judgment affirmed.

MILLER, J., concurs.

YOUNG, J., dissents with separate opinion.

YOUNG, Judge, dissenting.

I respectfully dissent on the basis that the trial court erred in admitting evidence that Evelyn Gibson, an acquaintance of Burns, had been convicted in a separate and unrelated proceeding of promoting prostitution. I agree that this evidence was improperly admitted but cannot agree that the error was harmless. When evidence of this nature is improperly admitted, we must determine whether the properly admitted evidence, "in the aggregate, substantially and overwhelmingly supported the convictions." *Fox v. State* (1986), Ind., 497 N.E.2d 221, 224. Our legal system requires that convictions be based on the acts committed by the defendant, not on the reputation of the individuals with whom he associates. *See United States v. Romo* (1982), 5th Cir., 669 F.2d 285, 288; *United States v. Singleterry* (1981), 5th Cir., 646 F.2d 1014, 1018. The mere fact that a person "is married to, associated with, or in the company of a criminal does not support the inference that the person is a criminal or shares in the criminal's guilty knowledge." *Romo, supra* at 288 (*quoting United States v. Forrest* (1980), 5th Cir., 620 F.2d 446, 451).

In the present case, there was no evidence as to the substance of the conversation between Burns and Kelly. It was not shown that Burns asked Kelly to his office for the purpose of engaging in sex with Beatty. There was also no evidence that Burns and Gibson were partners in any prostitution endeavor. There was only evidence that they had discussed the possibility of sending Beatty to Florida, and Beatty herself testified that Burns told her she

---

3. The trial judge cited the following aggravating circumstances in sentencing Burns:
(1) A prior history of criminal activity, namely, three felony convictions;
(2) Three previous arrests, one for rape and two for theft by deception, with no record of acquitals or convictions;
(3) The seriousness of the offense, namely, the victim was 16 years old;
(4) The crime contemplated harm to persons;
(5) The victim did not induce or facilitate the crime, rather Burns acted as "the candyman who induced the person to commit the offense";
(6) Burns did not act under strong provocation;
(7) It was highly unlikely Burns would respond to probation or short term imprisonment;
(8) Burns's character or attitude did not indicate he was unlikely to commit another crime;
(9) There was no talk of restitution.
The trial judge cited the following mitigating circumstances in sentencing Burns:
(1) Burns's age, which was 61.
(R. 1135–1141).

would not have to prostitute for Gibson because he would take care of her. (R. 723) Evidence also revealed that Beatty was a prostitute for Gibson, but there was no evidence that Burns was involved in any of Gibson's operations. Burns did, however, visit Gibson and talk with her. The evidence of Gibson's unrelated conviction was prejudicial because it created an inference that Burns must also be guilty since he frequently associated with Gibson. The properly admitted evidence did not "substantially and overwhelmingly" support Burns' conviction. I would therefore reverse and remand the case for a new trial.