**TAFLINGER FARM and Chris Taflinger, Appellants–Plaintiffs,**

v.

**John UHL, Appellee–Defendant.**

**No. 10A04–0403–CV–140.**

Court of Appeals of Indiana.

Oct. 6, 2004.

Craig W. Graham, Jeffersonville, IN, Attorney for Appellant.

C. Gregory Fifer, Young Lind Endres & Kraft, New Albany, IN, Attorney for Appellee.

**OPINION**

SHARPNACK, Judge.

Chris Taflinger and Taflinger Farm (collectively, the "Taflingers") appeal the trial court's dismissal of their complaint against John Uhl for ejectment and to quiet title. The Taflingers raise two issues and Uhl raises one issue, which we consolidate and restate as:

I. Whether the trial court erred by dismissing the Taflingers' claims because they failed to present evidence on the description of the property at issue; and

II. Whether Uhl should receive appellate attorney fees.

We affirm.[1]

The facts most favorable to the judgment of the trial court follow. Taflinger and Uhl are owners of adjoining properties in Nabb, Indiana. The Taflinger family has occupied their land for over one hundred years. Uhl purchased the adjacent land in 1983. A dispute between Uhl and the Taflingers arose and the Taflingers filed a complaint seeking to: (1) quiet title to a .65 acre tract of Uhl's land based on adverse possession; and (2) to eject Uhl from a .25 acre tract of the Taflingers' land. The complaint described the land as a "strip of land ... near the fence line."

At trial, witnesses for the Taflingers testified that the Taflingers have maintained the land and repaired the fence near the disputed land. Witnesses for the Taflingers also testified that the disputed land is less than an acre and is located near a fence and creek in a rural area. During the Taflingers' case-in-chief, the Taflingers introduced no specific description of the property, such as documentary evidence consisting of deeds or surveys. After the Taflingers rested, Uhl moved for a judgment on the evidence. After Uhl's motion,

the Taflingers were granted leave to make an offer of proof over Uhl's objection. The Taflingers offered a survey and deed as evidence of the approximately 0.65 acre and 0.25 acre tracts referred to in the Taflingers' complaint. The trial court granted Uhl's motion for a judgment on the evidence. The Order provided that the Taflingers presented "no evidence in the record at trial upon which the Court could properly grant Taflinger the relief requested in his complaint."

I.

■ The first issue is whether the trial court erred by dismissing the Taflingers' claims because they failed to present evidence on the description of the property at issue.[2] Our standard of review with regard to motions for involuntary dismissal under Ind. Trial Rule 41(B) is well settled. In reviewing a motion for involuntary dismissal, this court does not reweigh the evidence or judge the credibility of the witnesses; rather we only consider the evidence most favorable to the verdict and the reasonable inferences therefrom. *Chemical Waste Mgmt. of Ind., L.L.C. v. City of New Haven*, 755 N.E.2d 624, 635 (Ind.Ct.App.2001). We will reverse the trial court only if the trial court's judg-

---

1. We direct the Taflingers' attention to Ind. Appellate Rule 46(A)(10), which requires an appellant's brief to "include any written opinion, memorandum of decision, or findings of fact and conclusions thereon relating to the issues raised on appeal."

2. A motion for judgment on the evidence under Indiana Trial Rule 50 is improper at a bench trial. *Plesha v. Edmonds ex rel. Edmonds*, 717 N.E.2d 981, 985 (Ind.Ct.App. 1999), *trans. denied*. An Ind. Trial Rule 50 motion addresses the issue of whether there is sufficient evidence to justify submitting the case to a jury. *Benefit Trust Life Ins. Co. v. Waggoner*, 473 N.E.2d 646, 647 (Ind.Ct.App. 1985). This case was tried before the court without a jury and should be treated as a motion for involuntary dismissal under Ind.

Trial Rule 41(B). *Villanella v. Godbey*, 632 N.E.2d 786, 790 (Ind.Ct.App.1994). T.R. 41(B) provides, in pertinent part:

After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

ment is clearly erroneous. *TMC Transp., Inc. v. Maslanka*, 744 N.E.2d 1052, 1055 (Ind.Ct.App.2001), *reh'g denied, trans. denied.*

■■■ Taflinger argues that the evidence does not support the trial court's dismissal of his claim. Specifically, he argues that the evidence proved the necessary elements of adverse possession.[3] In its order dismissing Taflingers' complaint, the trial court cited Ind.Code 32–30–2–4(1) (Supp.2003), which provides that a complaint for ejectment or quiet title must include a "description of the premises." The trial court based its decision to dismiss Taflingers' claims on the lack of evidence regarding a description of the premises at issue. Specifically, the trial court found that during the Taflingers' case-in-chief, they failed to "introduce probative evidence of the boundaries or legal description of the tract of property at issue" and they "introduced no documentary evidence consisting of deeds, surveys or other legal descriptions of either the subject 0.65 acre tract on his adverse possession claim or the 0.25 acre tract on his ejectment claim." Appellant's Appendix at 3–4.

■■■ The Taflingers argue that the deed, survey, and testimony were sufficient to describe the property. The Taflingers made an offer of proof after they had ended their case-in-chief and after the motion for dismissal had been made. The trial court stated that the offer could be made "for purposes of preserving this record for appeal purposes, but the offer of proof is not evidence upon which I'm going to make my decision. . . ." Transcript at 35. Questions of offer of proof are largely left to the discretion of the trial court.

*Ritter v. Am. Transit Lines*, 141 Ind.App. 474, 477, 229 N.E.2d 733, 735 (1967). Offers of proof are proper only upon direct examination or cross-examination. *Arhelger v. State*, 714 N.E.2d 659, 665–666 (Ind. Ct.App.1999). Taflingers' offer of proof, which was made after they rested and the motion to dismiss had been made, was improper. *See, e.g., Burns v. State*, 500 N.E.2d 1243, (Ind.Ct.App.1986), *reh'g denied, vacated on other grounds* (holding that an offer of proof made after a denial of a motion for judgment on the evidence was improper). Further, the offer of proof is part of the record only insofar as the party that made the offer of proof chooses to challenge the trial court's exclusion. *Bradford v. State*, 675 N.E.2d 296, 302 (Ind.1996), *reh'g denied.* Taflinger has not challenged the trial court's exclusion of the evidence, and we will not consider the offer of proof. *See, e.g., id.* at 302 (holding that the appellate court would not consider an offer of proof when the defendant that entered the offer did not subsequently challenge the trial court's exclusion of evidence).

Left with the testimony at trial, which described the disputed property as a "kind of rough old farm" with a fence, the evidence is insufficient to provide a "description of the premises" and inadequate to provide "sufficient means to identify a definite and specific tract." *Gilbert v. Lusk*, 123 Ind.App. 167, 178, 106 N.E.2d 404, 410 (1952). Consequently, the trial court did not err by dismissing the Taflingers' claims. *See, e.g., Boyer v. Robertson*, 144 Ind. 604, 43 N.E. 879 (1896) (holding that judgment for plaintiff will be set aside in an ejectment action where neither the

---

**3.** In an adverse possession claim, the claimants must prove that their possession was actual, visible, notorious, exclusive, under claim of ownership, hostile, and continuous for the statutory period. *Estate of Mark v.*

*H.H. Smith Co.*, 547 N.E.2d 796, 799 (Ind. 1989). The trial court resolved the claim on the basis of failure to provide a description of the premises as required by Ind.Code § 32–30–2–4(1) (Supp.2003).

complaint nor the findings of the jury supply facts sufficient from which a judgment could be rendered containing a sufficient description of the real estate).

## II.

■■■ The second issue is whether Uhl should receive appellate attorney fees. Ind. Appellate Rule 66(E) provides, "[t]he Court may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Our discretion to award attorney fees is limited to instances when an appeal is "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Orr v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind.1987). An appellate tribunal must use extreme restraint in exercising its discretionary power to award damages on appeal "because of the potential chilling effect upon the exercise of the right to appeal." *Tioga Pines Living Center, Inc. v. Ind. Family & Social Serv. Admin.*, 760 N.E.2d 1080, 1087 (Ind.Ct.App.2001), *trans. denied.*

■■■ Indiana appellate courts have classified claims for appellate attorney fees into substantive and procedural bad faith claims. *Boczar v. Meridian Street Found.*, 749 N.E.2d 87, 95 (Ind.Ct.App. 2001). To prevail on a substantive bad faith claim, the party must show the appellant's contentions and arguments are utterly void of all plausibility. *Id.* Uhl contends that the arguments raised by Taflinger are "utterly devoid of all plausibility." Appellee's Brief at 7. Because Taflinger supported his challenge with pertinent legal authority from which an argument could have been made, we do not find Taflingers' contentions utterly devoid of all plausibility. *See, e.g., Greasel v. Troy*, 690 N.E.2d 298, 304 (Ind.Ct.App. 1997) (holding that an award of appellate

attorney fees was not warranted where a challenge was supported with pertinent legal authority from which an argument could have been made).

For the foregoing reasons, we affirm the trial court's grant of Uhl's motion to dismiss, and we deny Uhl's request for appellate attorney fees.

Affirmed.

BAILEY, J. and MAY, J. concur.