JAMES SMITH *v.* STATE OF INDIANA.

[No. 472A207. Filed June 30, 1972.]

*Nola Allen,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General; *Noble Pearcy,* Prosecuting Attorney, of Marion County, for appellee.

SULLIVAN, J.—Defendant appeals from a conviction of uttering a forged instrument. The relevant facts are essentially undisputed. On February 17, 1971, defendant presented a check, ostensibly drawn by the M. Clune Company, to a clerk at a liquor store located in Indianapolis, intending the same to be cashed. Upon the clerk's request, defendant produced identification representing himself to be one "Oscar John-

son", the named payee on the check. The clerk, in turn, recognized the check as one he had seen on a "stolen check" list provided by a local merchants association. He therefore activated a police alarm button.

When the police arrived, the clerk told them that "Oscar Johnson" had presented the "stolen check" to be cashed and that defendant indorsed the check as "Oscar Johnson" in the clerk's presence. Defendant, who identified himself as "Oscar Johnson", stated that he received the check from a friend. The police then arrested defendant.

Defendant was charged by affidavit, pleaded not guilty and waived a trial by jury. Trial was had to the court. Defendant was found guilty and judgment was entered thereupon. On June 3, 1971, defendant was sentenced to the Indiana State Reformatory for not less than two (2) nor more than fourteen (14) years.

Defendant presents the following issues for our consideration.

1. Whether the trial court abused its discretion by denying defendant's request for a continuance.
2. Whether a defendant who chose not to testify is thereby denied a fair trial.
3. Whether the trial court erred in overruling defendant's objection to questions regarding the signature on the stolen check.
4. Whether it was error to allow testimony regarding theft by a third party from the owner of the identification used by defendant in seeking to cash the check.
5. Whether it was error to allow a witness to testify as to the defendant's statements following arrest.
6. Whether there was sufficient evidence to sustain defendant's conviction.

## MERE ASSERTION OF INCONVENIENCE DOES NOT ENTITLE DEFENDANT TO CONTINUANCE

Defendant first contends that the court abused its discretion by denying defendant's motion for a continuance based on defendant's counsel's observation that defendant was not

ready for trial. In connection therewith, defendant argues that because his continuance was not granted, he did not testify or offer other evidence on his behalf, and was therefore denied a fair trial. These two specifications are combined for purposes of our discussion.

At the outset of the trial, defendant, by his counsel, moved for a continuance. The trial judge asked defendant his reason for so moving, to which defendant replied:

"Well no definite reason, but I have to come into court on another charge next week."

The trial judge then asked defendant if his sole ground for requesting the continuance was the reason stated. Defendant replied in the affirmative. At no time did defendant ever indicate that he was not ready to proceed. To the contrary, defendant stated that he was ready for trial.

Measured by the factual setting, defendant's argument falls well short of the mark. It is well settled that granting of a continuance, the request for which is not based upon statutory grounds, is within the sound discretion of the trial court. *Johnson* v. *State* (1970), 253 Ind. 570, 260 N. E. 2d 782; *Carlin* v. *State* (1970), 254 Ind. 332, 259 N. E. 2d 870. A mere showing that a continued trial date would be more convenient to defendant does not sustain an appellant's burden to show a clear abuse of that discretion. This is particularly so inasmuch as defendant himself stated to the court that he was ready to proceed to trial when the motion was denied.

## LAY WITNESS MAY TESTIFY AS TO AUTHENTICITY OF SIGNATURE APPEARING ON QUESTIONED DOCUMENT IF FAMILIAR WITH SIGNATURE TO BE IDENTIFIED

During the trial, Martin McDermitt testified as pertinent as follows:

'Q. All right, now I will ask you, sir, is that your signature on that check?
A. No, sir, it is not.

Q. Is that anyone else's signature on that check that is authorized to sign checks?

MR. MANCE: Now Your Honor, at this time I am going to object to whether or not someone else signed that check.

THE COURT: No, no, the question was whether or not that is the signature of anyone else who' is authorized to sign it.

MR. MANCE: Well, I am going to object to that question from this witness unless it is shown that he would know that someone by that name wasn't authorized to sign the check.

A. No sir, that signature . . .

THE COURT: Wait just a minute. Wait just a minute. I will overrule the objection. The witness can answer the question. All right, go ahead and answer it.

\* \* \*

A. No, sir, that is not my signature.

Q. Who else is authorized to sign checks?

A. My mother.

Q. Is that the only person?

A. The only one.

Q. Is that her signature?

A. No, sir, that is not her signature."

Defendant argues that the foregoing testimony should have been excluded because the prosecution failed to establish that witness McDermitt was a handwriting expert. We cannot agree. Where the genuineness of a signature appearing on a document is in issue, a lay witness is deemed qualified to render an opinion as to the authenticity thereof if he is acquainted or familiar with the signature of the person whose signature he is called upon to identify. *Morrell* v. *Morrell* (1901), 157 Ind. 179, 60 N. E. 1092; *McCormick, Evidence* 2d Ed. (1972) § 221.

McDermitt's position as President of the company against whose bank account the check was sought to be forged, coupled with the fact that only one other person—his mother—was authorized to draw checks against the company's account,

leads to the obvious conclusion that witness McDermitt possessed sufficient familiarity, not only with his own signature but with company authorized signatures, to render his opinion admissible concerning the purported signature, "Martin McDermitt", appearing on the check in question.

## PRIOR COLLATERAL CRIMINAL ACTS BY A THIRD PARTY ARE ADMISSIBLE IF DIRECTLY RELATED TO THE TOTALITY OF THE CIRCUMSTANCE SURROUNDING DEFENDANTS'S CRIME

Defendant further contends that testimony regarding theft by a third party of the identification used to utter the forged check was irrelevant.

The crime of uttering a forged check has been defined as: "* * * [T]he offering of a forged instrument, knowing it to be such, with a representation that it is genuine and with an intent to defraud." *Beck* v. *State* (1958), 238 Ind. 210, 149 N. E. 2d 695.

Although it is immaterial who wrote the check or whether defendant knew who wrote it, *Moses* v. *State* (1971), 256 Ind. 614, 271 N. E. 2d 446, it is clearly material and relevant that defendant knew that he was uttering a forged check.

To this extent, we are convinced that testimony regarding the procurement by theft of one of the "tools of the crime" was in essence so much a part of the totality of circumstance surrounding defendant's crime that it was relevant, and therefore admissible, notwithstanding the fact that the same evidence tends to show a separate and distinct crime not directly involving defendant. *Cf. Kiefer* v. *State* (1960), 241 Ind. 176, 169 N. E. 2d 723.

## DEFENDANT'S INCRIMINATING STATEMENT WAS MADE VOLUNTARILY AND WITH KNOWLEDGE OF HIS CONSTITUTIONAL RIGHTS

Defendant next contends that it was error to allow State's witness, Detective William Schlosser, to testify concerning statements made by defendant during interrogation follow-

ing arrest. Defendant bases his argument upon the alleged involuntary nature of defendant's statements.

In *Nacoff* v. *State* (1971), 256 Ind. 97, 267 N. E. 2d 165, our Supreme Court stated:

"'The legal standard to be applied in determining whether an accused, who has been properly advised of his rights and has signed a waiver, has voluntarily waived his rights is the same as that used in the pre-Miranda coerced confession cases. *The question is whether, looking at all the circumstances, the confession was free and voluntary, and not induced by any violence, threats, promises, or other improper influence.*" (Emphasis supplied)

The record discloses that defendant was apprised of his constitutional rights in compliance with *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 Sup. Ct. 1602 at the time of his arrest. After arriving at police headquarters, defendant indicated he wished to make a voluntary statement. Defendant was advised of his rights a second time, yet reaffirmed his desire to make a statement. He stated according to Detective Schlosser, that one Alonzo Johnson gave him (defendant) the identification and the check, drove him to the liquor store and sent him in to cash the check. Defendant said that he knew the check was stolen and that he had cashed other stolen checks for Alonzo Johnson before.

The record is devoid of any evidence that defendant was attempting to gain immunity or hoping to "make a deal" as he now contends. We, of course, are mindful that a heavy burden rests upon the State to show that the defendant intelligently and knowingly waived his right to remain silent, and that his statements were voluntary. *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Nacoff* v. *State, supra.* The record in the case before us clearly substantiates that this burden has been met by the State.

## REVIEWING COURT WILL NOT WEIGH EVIDENCE NOR DETERMINE CREDIBILITY OF WITNESSES

Lastly, defendant argues that there was not sufficient evidence to sustain his conviction, namely:

(1) That defendant had no knowledge that the instrument was forged.

(2) That there is no admissible evidence to show that the instrument was in fact forged.

Where there is evidence of probative value from which the trial court could infer defendant's guilt beyond a reasonable doubt, the reviewing court is bound to affirm that result. *Moses* v. *State, supra.*

Based upon our discussion of the other issues herein, we are convinced that defendant's conviction was clearly established.

Affirmed.

White, P.J. and Buchanan, J., concur.

NOTE.—Reported in 284 N. E. 2d 522.