**Robert A. GRIFFIN a/k/a Paul Griffin, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 3–480A102.

Court of Appeals of Indiana, Third District.

Dec. 8, 1980.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

The defendant was convicted of arson, a class B felony, and now challenges the sufficiency of the evidence, specifically alleging that (1) the State failed to prove the fire was caused by arson and (2) the evidence did not prove that the defendant was, in any way, responsible for the fire. On appeal, this Court must consider the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. If, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt of the crime for which he was convicted, then the judgment of the trier of fact will be affirmed. *Robinson v. State* (1974), 262 Ind. 463, 317 N.E.2d 850.

In this case, the evidence clearly shows that a fire occurred at R–V World on July 11, 1978, resulting in a pecuniary loss in

excess of $20,000. The cause of that fire was greatly disputed at trial. The structure destroyed in the fire was a recreational vehicle dealership. The front portion of the building contained a showroom and offices, and, in the rear, were two service areas. The State contended that the fire was started in the manager's office by using gasoline as an accelerant. The defense presented evidence of numerous electrical problems throughout the building and alleged the fire was accidentally caused by an electrical failure. Two expert witnesses testified on behalf of the prosecution on this issue. The first, an electrical engineer, stated that "no electrical fire started in the area of this manager's office." However, on cross–examination, this witness said he could not rule out electrical fault elsewhere in the building as the cause of the fire. The second witness, a chemist, determined that, based on the burn patterns in the office and a rainbow effect which was created when the floor was washed with water, the fire was a result of arson. In contrast, the defense presented a chemist as an expert witness who stated that the site samples used in the State's chemical analysis were contaminated and, therefore, invalid. He also explained that the rainbow effect and the burn patterns resulted from the many petroleum products which were used in the service area and had been stored in the area of the manager's office. In addition, numerous employees of R–V World testified concerning many electrical defects which existed in the building prior to the fire.

The cause of the fire is a factual question which was decided by the jury adversely to the defendant. On appeal, this Court may not reweigh the evidence or determine the credibility of witnesses. The law of Indiana presumes that a fire accidentally resulted from some providential cause, rather than from a criminal cause, unless the evidence proves otherwise. *Fox v. State* (1979), Ind.App., 384 N.E.2d 1159, at 1166. The detection of arson following a fire is a difficult scientific examination. Because the jury's conclusion on this issue is supported by adequate evidence from the State's expert chemical and electrical witnesses, this Court will not disturb that decision.

The second aspect of the defendant's challenge centers on his involvement with the fire. The only direct evidence offered by the prosecution proved that the defendant was at R–V World at the time the fire occurred. The defendant presented the following explanation of his presence. The defendant was the general manager of R–V World and a sign by the front door of the building gave his telephone number as the number to be called in case of emergency. Shortly after 11:00 P.M. on July 11, 1978, the defendant received a telephone call informing him that the lights at the dealership were blinking on and off. He had given his keys to another employee earlier in the evening and thus, could not get into the building to correct the problem. He called Mr. Morris, the service manager at R–V World, and drove over to his home to borrow his keys. The defendant then went to the dealership and parked his car on the side of the road with the four–way flashers turned on. He walked into the dealership through the front door, turned on the timer switch which was located to the immediate left and then exited, locking the front door behind him. At that point, the defendant observed a flashing red light near the highway and walked down the driveway toward the light. He encountered a police officer in the driveway and they engaged in a brief conversation. Then the officer, looking over the defendant's shoulder saw a string of lights go out and noticed smoke coming from the south side entry door. The fire department was summoned and, in approximately three hours, the fire was extinguished. Throughout this period, the defendant remained on the scene and assisted the firemen. Based on this evidence, the jury concluded that the defendant started the fire when he went into the dealership to turn on the lights.

Thus, this conviction rests on proof of the defendant's presence at the scene and proof of the incendiary nature of the fire. This Court must now determine if

such proof is sufficient to support a conviction for arson. The general rule of law in Indiana holds that mere presence at the scene of the crime is not itself sufficient to allow an inference of participation in the crime. *Cline et al. v. State* (1969), 253 Ind. 264, 252 N.E.2d 793; *McGill v. State* (1969), 252 Ind. 293, 247 N.E.2d 514. Such presence may be considered, along with other evidence, as one factor in the determination of guilt. *Young v. State* (1978), Ind.App., 373 N.E.2d 1108; *Coleman v. State* (1976), 265 Ind. 357, 354 N.E.2d 232. Other factors which may be considered include companionship with one engaged in a crime and the course of conduct before and after the offense occurred. *Simmons v. State* (1974), 262 Ind. 300, 315 N.E.2d 368.

In the present case, companionship with one engaged in a crime is irrelevant since the defendant was alone. The course of conduct before and after the crime simply does not provide sufficient circumstantial evidence to support a conviction. Before the fire, the defendant clearly informed others that he was going to the dealership and, when he arrived, he parked his car in a very conspicuous place, leaving flashing lights turned on. After leaving the building, he walked down the front drive to chat with a police officer. He never attempted to flee from the police or leave the scene of the fire. These actions provide absolutely no circumstantial evidence which would imply guilt.

The prosecution also sought to show that the defendant had a motive to commit the crime. Motive is not an essential element of a crime, but may be considered by the jury along with other circumstances. *Robinson v. State, supra.* A few days prior to the fire, the defendant's employment status was changed from general manager to sales manager. The theory offered by the prosecution contended that the defendant set the fire in retaliation for this change. No testimony was ever presented to support this theory. In fact, much testimony was presented in direct contradiction. The defendant testified that he was pleased with the change because it would reduce his paperwork and allow him to concentrate on sales. Both owners of the business and numerous other employees testified that the defendant was happy with his job at R–V World and had no motive for harming the business. In fact, both the defendant and his wife lost their jobs when R–V World ceased operations as a result of the fire and both were forced to find other employment. Clearly, this evidence does not support the State's theory.

Thus, this Court must conclude that the evidence is insufficient to prove the defendant's guilt beyond a reasonable doubt. Therefore, the conviction is reversed.

Reversed.

GARRARD, P. J., and STATON, J., concur.