Jeffrey L. HUDAK, Appellant,
Defendant Below,

v.

STATE of Indiana, Appellee,
Plaintiff Below.

No. 3–582A95.

Court of Appeals of Indiana,
Third District.

March 17, 1983.

Raymond C. Sufana, Gary, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Jeffrey L. Hudak appeals his jury conviction of dealing in a Schedule II Controlled Substance, a class B felony.[1] He raises the following issues:

(1) Is the evidence sufficient to support Hudak's conviction?

(2) Did Hudak preserve the alleged error of the trial court's improper admission of his and his roommate's collateral misconduct when he neither made a timely objection nor showed that it prejudiced him?

Affirmed.[2]

## I.

### Sufficiency

Hudak contends that the evidence is insufficient to support his conviction. He alleges that his mere introduction of a drug buyer to a drug seller is too minor an involvement in the drug buy to warrant his conviction. We disagree.

When reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of the witnesses. We will affirm a conviction if the trier of fact had substantial evidence of

---

1. IC 35–48–4–2 (Burns Code Ed., 1982 Supp.).

2. Hudak also asked us to review the trial court's denial of his motion for discharge on the allegation that he was denied his speedy trial right under the Interstate Agreement on Detainers (IAD). IC 1979, 35–2.1–2–4 (Burns Code Ed.). We are unable to address this issue because in his motion to correct errors, Hudak did not premise his allegation of the trial court's error on a violation of the IAD. Instead, he premised the alleged error upon Ind. Rules of Procedure, Criminal Rule 4(B). This deprived the trial court of the first opportunity to correct any error. Accordingly, Hudak has waived our review of this alleged error. *Guardiola v. State* (1978), 268 Ind. 404, 375 N.E.2d 1105, 1107.

probative value from which it could find the defendant guilty beyond a reasonable doubt. *Perry v. State* (1980), Ind.App., 401 N.E.2d 792, 794. We consider only that evidence most favorable to the State with all reasonable inferences which may be drawn therefrom. *Anderson v. State* (1981), Ind., 426 N.E.2d 674, 676.

The evidence most favorable to the State is as follows: On October 13, 1980, Hudak was at home when two undercover narcotic officers met with his roommate to arrange a drug buy. When Hudak learned that his roommate could not supply the officers with the desired amount, he offered to arrange the drug buy. Hudak quoted an approximate price of the drugs; later, he contacted the officers and introduced them to the seller. He asked for and accepted compensation for arranging the drug buy.

One who aids another in a criminal offense can be convicted of that offense as a principal. IC 1979, 35–41–2–4 (Burns Code Ed.). *Harris v. State* (1981), Ind., 425 N.E.2d 154, 156. An accomplice is criminally responsible for the probable and natural consequences of the principal's plan. *Id; Proctor v. State* (1979), Ind., 397 N.E.2d 980, 983. The evidence need not show that the accomplice personally participated in the commission of each element. *Harris, supra* at 156.

The trier of fact may infer participation from several factors considered together. These include presence, failure to oppose the crime, companionship with the principal, and conduct before, during and after the offense which tends to show complicity. *Harris, supra* at 156; *Griffin v. State* (1980), Ind.App., 413 N.E.2d 293, 295. The totality of Hudak's acts make it reasonable for the jury to have inferred his participation in the principal's (seller's) drug sale. Therefore, the evidence is sufficient.

## II.
### Evidence of Collateral Acts

Hudak contends that the trial court erroneously admitted highly prejudicial testimony of his and his roommate's criminal misconduct which occurred in close proximity to Hudak's charged offense. First, he protests evidence that he committed an uncharged crime; that he offered an officer an allegedly controlled substance.[3] Second, he alleges that any evidence about his roommate's misconduct was irrelevant because he was not involved in his roommate's attempt to arrange a drug buy. He alleges that he was prejudiced by the inferences from this evidence of acts unrelated to his charged offense.

Although evidence of a defendant's misconduct which is unrelated to the charged offense is generally inadmissible to prove his guilt, evidence of crimes closely related to the charged offense is admissible even though it tends to show guilt of an uncharged crime. *Maldonado v. State* (1976), 265 Ind. 492, 495, 355 N.E.2d 843, 846. These crimes which are closely related to the charged offense are part of its res gestae. *Id.; Grimes v. State* (1972), 258 Ind. 257, 280 N.E.2d 575. We agree with Hudak that his offer of an allegedly controlled substance to an officer is not closely related to his drug charge and was not properly admitted. However, the admission does not constitute reversible error for two reasons.

First, Hudak did not object to the testimony nor ask that it be stricken nor ask for an admonishment. Failure to do so waives this issue for appeal. *Morgan v. State* (1980), Ind., 400 N.E.2d 111, 114. Second, Hudak did not show that the evidence prejudiced him. Therefore, we will not reverse. *Wells v. State* (1982), Ind., 441 N.E.2d 458, 463.

Hudak's allegation that the trial court improperly admitted evidence about his roommate's misconduct also fails. Evidence of prior collateral acts by another is

---

**3.** When Hudak was initially talking with one of the officers, he offered him a pill. This pill was not related to the drug buy arranged by Hudak nor was it ever analyzed. (R. 155–158, 182–185).

admissible if directly related to the totality of circumstances surrounding a defendant's crime. *Smith v. State* (1972), 152 Ind.App. 654, 658, 284 N.E.2d 522, 525. His roommate's inability to fill the officers' drug order was relevant to show how Hudak became involved with the officers. His roommate's actions were so closely related to Hudak's drug buy that it was properly admitted even though it showed a separate crime not directly involving Hudak. *Smith, supra* at 525.

In addition, to have preserved any error arising from the admission of his roommate's misconduct, Hudak should have made a timely objection. *White v. State* (1982), Ind., 431 N.E.2d 488, 489. Ordinarily, a timely objection is made when the evidence is offered or when the question is asked. *Id; Dombkowski v. State* (1967), 249 Ind. 32, 42, 230 N.E.2d 602, 607. Since many references to Hudak's roommate were made before he objected and because he cross-examined the officers about his roommate's actions, Hudak failed to properly preserve any error. *Smith v. State* (1983), Ind., 445 N.E.2d 85. Moreover, because Hudak failed to show how he was prejudiced by these references to his roommate, any resulting error does not warrant reversal. *Wells, supra* at 463; *Dombkowski, supra* at 608.

Affirmed.

HOFFMAN, P.J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur with the majority opinion concerning the sufficiency of the evidence. I also agree that no viable assertion of error has been presented concerning appellant's motion for discharge.

Concerning the asserted evidentiary errors it should be pointed out that appellant's argument on these issues sets forth no questions asked or objections made, nor are any objections even referred to.

It is not hypertechnicality to require that appellate argument asserting evidentiary errors disclose at minimum what specific piece of evidence is deemed objectionable and what specific and timely objection was made to its reception. In addition to the problems of waiver during the trial, cogent argument on appeal requires as much. *See* Indiana Rules of Procedure, Appellate Rule 8.3(A)(7).

I agree that any error in the introduction of whatever evidence from whatever witness concerning whatever events that may also have occurred at the time of the charged offense has been waived.