Martin J. MURE, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3-584A120.

Court of Appeals of Indiana, Third District.

Sept. 27, 1984.

Rehearing Denied Nov. 9, 1984.

Transfer Denied Dec. 18, 1984.

Edward C. Hilgendorf, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Appellant Martin J. Mure was found guilty of promoting prostitution, a Class C felony. IND.CODE § 35–45–4–4. Mure appeals from the judgment of conviction.

The facts most favorable to the State indicate the following: Mure was a friend of Dennis Ruggeri, operator of the Basker Studio in Niles, Michigan. Kelly Jean Woods was employed by Ruggeri as a secretary. In late October 1982, Ruggeri, Mure, and Woods were discussing financial problems of the Basker Studio. Mure suggested that Woods work for him as a "call girl" earning up to $2,000 a week. The next day, Mure took Woods to the South Bend-Mishawaka area of Indiana. Mure explained that he operated a house where men would gather to gamble, and girls were available to perform various acts of prostitution. Mure further encouraged Woods to work for him as a prostitute, and stated that she could make $100 per customer, for twenty minutes of sexual favors. Mure later repeated this offer to a confidential informant for the Indiana State Police.

Mure first contends that the judgment of conviction is contrary to law because the material elements of promoting prostitution did not occur in Indiana.

IND.CODE § 35–41–1–1 provides in part that:

"(a) A person may be convicted under Indiana law of an offense if:

(1) either the conduct that is an element of the offense, the result that is an element, or both, occur in Indiana[.]"

■ Although Mure first encouraged Woods to work as a prostitute while visiting in Michigan, he later renewed this offer in toto while entertaining her in the South Bend area. He also encouraged the confidential informant to engage in acts of prostitution while visiting in South Bend. These acts alone, all occurring in Indiana, are sufficient to support a conviction for promoting prostitution. The trial court committed no error.

Mure also contends that the evidence produced at trial is inadequate to support a conviction of promoting prostitution because neither Woods nor the confidential informant ever agreed to or actually engaged in acts of prostitution.

■ Mure was charged with and convicted under IND.CODE § 35–45–4–4(1), which provides as follows:

"A person who:

(1) knowingly or intentionally *entices* or compels another person to become a prostitute;

\*  \*  \*  \*  \*  \*

commits promoting prostitution, a Class C felony." (Emphasis added.)

Contrary to Mure's contention, a conviction under this section does not require that the party solicited actually engage in acts of prostitution. Instead, a conviction is warranted where the defendant: 1) knowingly or intentionally, 2) entices 3) another person to become a prostitute. The word "entice," as used in the statute, means to wrongfully invite, solicit, allure, coax, tempt, attract, or delude another person to engage in prostitution. *See*, Black's Law Dictionary, 5th Ed. (1979). The person enticed need not engage in prostitution, so long as the invitation to do so was knowingly or intentionally made.

In the case at bar, Mure knowingly encouraged Woods and the confidential informant to become part of his prostitution operation. This behavior alone is sufficient to sustain his conviction.

The judgment of conviction is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.