Darrell S. GERALDS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1084S396.

Supreme Court of Indiana.

July 17, 1986.

Patrick E. Chavis, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-Appellant Darrell S. Geralds was charged with robbery, a class B felony, I.C. § 35–42–5–1, and with being a habitual offender, I.C. § 35–50–2–8. A jury found him guilty of class C robbery as a lesser-included offense, but also found him to be a habitual offender. He was sentenced to separate, consecutive terms of five (5) and thirty (30) years imprisonment. The only issue raised in this direct appeal is whether sufficient evidence supports the conviction.

We affirm the robbery conviction but remand for correction of an error in sentencing.

When confronted with a challenge to the sufficiency of the evidence this Court considers only the probative evidence and reasonable inferences therefrom which support the verdict, without weighing the evidence nor assessing credibility, to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223, 226; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The victim was working as a branch bank teller. She testified that defendant approached her window and slipped her a note that stated he had a gun and demanded money. She gave him about $1,500. Subsequent police investigation determined that fingerprints on the demand note matched those of defendant.

Defendant argues that two other tellers called as witnesses could not identify him, and that the victim testified that defendant's appearance at trial varied from his appearance the day of the robbery and from the composite drawing she helped police prepare shortly thereafter. It is further emphasized by defendant that under cross-examination the victim admitted that seeing the defendant in the environment of the courtroom might have influenced her in-court identification.

During the trial, however, the victim repeatedly and emphatically identified defendant as the robber. Her observed changes in his appearance (i.e. darker hair color and no facial hair at the time of trial) were confirmed by testimony of an officer who investigated the crime. Significantly, the fingerprint expert's testimony was not refuted.

Identification by a single witness is sufficient to sustain a conviction for robbery. *Titara v. State* (1983), Ind., 447 N.E.2d 587, 588. Moreover, minor discrepancies in testimony concerning physical appearance, clothing, etc. are for the jury to

consider in their assessment of the witness's credibility. *Lane v. State* (1981), Ind., 428 N.E.2d 28, 30.

We hold that the evidence presented here was sufficient for a reasonable trier of fact to conclude beyond a reasonable doubt that this defendant committed the robbery. The conviction is therefore affirmed.

We raise, *sua sponte*, an error in the sentence imposed in this case. The trial court's sentencing order imposed separate sentences for the robbery and habitual offender counts. I.C. § 35–50–2–8 provides the sentence imposed upon a habitual offender finding enhances the sentence for the underlying conviction; it does not impose a separate penalty. Accordingly, this cause is remanded to the Marion Superior Court for correction of this sentencing error. *E.g., Carter v. State* (1985), Ind., 479 N.E.2d 1290, 1293 and authorities cited.

The conviction for robbery is affirmed, and this cause is remanded for correction of the sentencing order in accordance with this opinion.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.