Billy Kenneth MOORE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1185S482.

Supreme Court of Indiana.

Dec. 4, 1987.

Richard W. Norman, Spencer, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

A jury found appellant Billy Kenneth Moore guilty of robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1983 Supp.), and also determined that he was a habitual offender. Ind.Code § 35–50–2–8 (Burns 1985 Repl.). The trial court sentenced him to twenty years imprisonment for the robbery conviction and added thirty years for the habitual offender determination.

Moore raises the following issues on direct appeal:

1) Whether the evidence was sufficient;

2) Whether the trial court erred in refusing a change of venue from the county because of adverse pretrial publicity;

3) Whether the trial court improperly admitted evidence pertaining only to a co-defendant;

4) Whether the trial court erred during the habitual offender proceeding by admitting documents that were not properly certified; and

5) Whether the sentence is manifestly unreasonable and disproportionate to the offense.

The facts most favorable to the judgment show that Moore and a companion, alleged to be James Stidd III, arrived at the Tuttle Fur Barn in rural Owen County on the morning of September 11, 1983. The men said that they had a small quantity of ginseng, a medicinal herb indigenous to the area, which they wished to sell. The Tuttles dealt in goods of this kind.

Because her husband Bill was out checking the crops, Carmaletta Tuttle accompanied the two men to the fur shed to complete the transaction. There, Moore drew a gun from a paper sack and announced that they were going to take the Tuttles' ginseng stored in the shed. While his companion bound Carmaletta, Moore gathered the ginseng into bags while holding the gun. In the process, the gun discharged.

Bill Tuttle heard the shot and returned to the fur shed. He saw two men run from the shed to a large, greenish gold older model car and drive off. The robbers absconded with about forty-five to fifty pounds of ginseng valued at approximately $7,000.

At trial, Carmaletta identified Moore as the man who held the gun during the robbery. In addition, Billy McDougalle, Moore's cellmate in the Owen County Jail, testified that Moore confessed his participation in the robbery to him.

## I. Sufficiency of the Evidence

■ Moore claims that the evidence was insufficient to prove his guilt beyond a reasonable doubt. When the sufficiency of the evidence is challenged, we consider only the probative evidence and reasonable inferences therefrom which support the verdict, without reweighing the evidence or assessing credibility, to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Bowens v. State* (1986), 496 N.E.2d 769. Identification by a single witness is sufficient to sustain a conviction for robbery. *Geralds v. State* (1986), Ind., 494 N.E.2d 1287.

■ The verdict was not supported by sufficient evidence, Moore argues, because Carmaletta Tuttle's identification of him took place a year and a half after the crime and because details of the description given at the time of the robbery differed from Moore's appearance. Carmaletta observed the perpetrators in daylight for fifteen to twenty minutes. Moore highlighted the lapse of time and discrepancies in the description during cross-examination of Carmaletta. Minor discrepancies in testimony concerning physical appearance are for the jury to consider in assessing the witness' credibility. *Id.* at 1288–89.

Moore also argues that his conviction is not supported by sufficient evidence because McDougalle's testimony about Moore's jail-house confession was incredible. Moore claims McDougalle was biased because McDougalle pled guilty to conversion on the same day he testified against Moore and was only sentenced to time served. In addition, he notes McDougalle's extensive criminal history. This information was presented to the jury. Its determination of the witness' credibility will not be disturbed.

The evidence is sufficient to support Moore's conviction for robbery.

## II. Change of Venue

Moore moved for a change of venue from the county, arguing that prejudicial pretrial publicity prevented him from receiving a fair trial in Owen County. He provided the trial court with a January 1985 article from the Spencer Evening World which reported that Moore had been apprehended in Flor-

ida for possession of marijuana, was convicted of that offense and served time in Florida before being returned to Owen County. The article also gave some details of the robbery and indicated that Stidd pled guilty and received a six year sentence. After a hearing, the motion was denied.

■ The State argues that Moore waived the issue of venue because he has not shown that he exercised all his peremptory challenges in selecting the jury. A careful reading of the record, however, reveals that twenty peremptory challenges were exercised. As the defendant in a criminal case is allowed ten peremptory challenges, Ind.Code § 35–37–1–3 (Burns 1985 Repl.), we conclude that Moore did exercise all his peremptory challenges and properly preserved the issue.

■ To prevail on appeal from denial of a change of venue, the defense must show that prejudicial publicity existed and that jurors were unable to set aside their preconceived notions of guilt and render a verdict based upon the evidence. *Timmons v. State* (1986), Ind., 500 N.E.2d 1212. Prejudicial pretrial publicity is that which contains inflammatory material which would not be admissible at the defendant's trial or contains misstatements or distortions of the evidence given at trial. *Kappos v. State* (1984), Ind., 465 N.E.2d 1092.

■ The newspaper article submitted by Moore is not unduly inflammatory. It does contain information, such as Moore's conviction for possession, which would be inadmissible at trial. Thus, the article could be considered prejudicial. To prevail on a change of venue, the defense must also show that the jurors could not render a verdict on the evidence. Here, only two of the twelve jurors seated indicated that they had "read something" about the case. The jurors gave no indication of the source or extent of their knowledge. Both jurors indicated that they could render an impartial verdict based on the evidence. Therefore, a change of venue was not required.

## III. Evidence Pertaining to Co–Defendant

Moore's companion in the robbery, alleged to be James Stidd III, pled guilty to the offense. Stidd was unavailable to testify, as he had escaped and remained at large at the time of the trial. The State presented evidence of Stidd's conviction. The State also presented evidence that Stidd had stolen the car used in the robbery two weeks before the crime and that Stidd had sold a large quantity of ginseng to the Wilcox Drug Company the day after the robbery. Moore objected to the evidence of Stidd's car theft and later sale of the ginseng, but he did not object to the evidence of Stidd's conviction for the robbery in question.

Moore now argues that the admission of Stidd's guilty plea to robbery was fundamental error. It is true that in many cases, evidence of a co-defendant's guilty plea has been considered irrelevant and inadmissible. *Phelps v. State* (1983), Ind.App., 453 N.E.2d 350 (evidence of co-defendant's guilty plea, which defendant offered as newly discovered evidence in his motion to correct error, was irrelevant and would have been inadmissible at trial); *Jefferson v. State* (1980), Ind.App., 399 N.E.2d 816 (refusal of defendant's proffered evidence of co-defendant's guilty plea not error because conviction or guilty plea of co-defendant is not substantive evidence of defendant's guilt and is generally inadmissible); *Zarnik v. State* (1977), 172 Ind.App. 593, 361 N.E.2d 202 (guilty pleas used to attack credibility of testifying co-defendants harmless error where prosecutor did not use evidence to argue defendant's guilt and court instructed jury to consider only evidence pertaining to defendant to determine guilt).

Research reveals only one case in which use of a co-defendant's conviction was a basis for reversal. This Court found that "[t]he fact that others indicted for the same offense had been found guilty was not evidence against the appellant, who was being tried separately, and should not have been considered by the jury...." *Lincoln v. State* (1921), 191 Ind. 426, 429,

133 N.E. 351, 352. The admission of the co-defendants' conviction rose to the level of reversible error only because the prosecutor made constant, improper reference to the co-defendants' conviction in arguing the defendant's guilt and because the judge refused to admonish the jury that only the evidence against the defendant should be considered.

■ The question of whether the admission of a co-defendant's conviction requires reversal depends on the facts and circumstances surrounding the case. *Zarnik,* 172 Ind.App. at 206, 361 N.E.2d at 206. In this case, only a brief mention of Stidd's conviction was made in the testimony of the investigating officer. The prosecutor made few references to Stidd in final argument. He told the jury: "What happened to Stidd? Those things aren't in your consideration." He did not use Stidd's conviction directly to argue Moore's guilt. The prejudice to Moore was insubstantial.

Moreover, appellant did not object to the admission of Stidd's conviction. We agree with the State that this could be a tactical decision to shift blame to Stidd and away from Moore. Under these circumstances, the admission of Stidd's guilty plea does not require reversal.[1]

Moore also argues that the trial court erroneously admitted evidence that Stidd stole the car used in the robbery and later sold the proceeds of the robbery. Defense counsel objected to this evidence as irrelevant. He argues that the evidence is relevant only to the unrelated acts of the co-defendant. Evidence is relevant if it tends to prove or disprove an issue material to the case. *Ashley v. State* (1986), Ind., 493 N.E.2d 768. The State argues that Stidd's car theft and sale of stolen property is admissible under the *res gestae* theory. "Evidence of another and distinct crime is admissible where it was committed as part of the same transaction.... The *res gestae* is not confined to the act charged, but includes acts, statements, occurrences and circumstances which are substantially contemporaneous with the main fact." *Kiefer v. State* (1960), 241 Ind. 176, 178, 169 N.E.2d 723, 724.

■ When used in this context, *res gestae* refers to "necessary parts of the proof of an entire deed...." IA J. Wigmore, *Evidence* § 218 at 1888 (Tillers Rev.1983). *Res gestae* does not render otherwise irrelevant evidence admissible. It merely illustrates that the scope of relevant evidence may exceed the limits of the charged act and include other acts which are an inseparable part of the whole crime. *Id.* at 1883.

Of course, the theft here is not attributed to Moore, but to his co-defendant, Stidd. Evidence of acts of co-defendants has been held admissible when the act is directly related to the totality of circumstances surrounding a defendant's crime. *Hudak v. State* (1983), Ind.App., 446 N.E.2d 615. In *Hudak,* evidence of a roommate's inability to fill a drug order was relevant to show how the defendant became involved in a drug sale.

Similarly, a co-defendant's conviction for prostitution was admissible to show that the defendant knowingly participated in promoting prostitution. *Luginbuhl v. State* (1987), Ind.App., 507 N.E.2d 620. Likewise, evidence that the check forged by the defendant was stolen by another individual "was in essence so much a part of the totality of circumstances of the defendant's crime that it was relevant and therefore admissible...." *Smith v. State* (1972), 152 Ind.App. 654, 658, 284 N.E.2d 522, 525.

■ Moore was never connected with the theft of the car two weeks before the robbery. There is no indication that Moore and Stidd conspired to steal the car as part of their plan to rob the Tuttles. The theft of the car was not substantially contemporaneous to the robbery. Moore's only connection to the car was as a passenger on the day of the robbery. The method by which Stidd acquired the car is unrelated.

1. Moore contends that, if any error in the admission of Stidd's conviction was waived by counsel's failure to object, counsel was ineffective. As we have determined that the admission of the conviction does not require reversal regardless of the absence of objection, we do not reach the issue of ineffective assistance of counsel.

The final disposition of the stolen property is more closely related, but again there was no evidence before the jury that Moore participated in the sale or received any of the proceeds. We cannot say that these events were so much a part of the robbery as to be included in the totality of the circumstances. Stidd's car theft and sale of stolen property do not tend to prove that Moore knowingly took property from another person by force or threat of force and therefore were not relevant to the issues before the jury.

Admission of evidence of unrelated criminal activity by a co-defendant may be harmless error. *Smith v. State* (1974), 160 Ind.App. 622, 312 N.E.2d 896. In this case, the unequivocal identification of the victim and his own admissions supported Moore's conviction. While the extraneous evidence of Stidd's acts was not relevant, it was not so prejudicial to warrant reversal.

### IV. Habitual Offender Documents

■ Moore argues that three documents proving the offenses underlying the habitual offender count were erroneously admitted because they were not properly authenticated. In particular, he challenges two documents from the Superior Court of Snohomish County, Washington, and one document from the United States District Court for the Eastern District of Illinois.

None of the documents contain the seal of the presiding judge indicating that the person who signed the certification was the clerk of the court. Ind.Code § 34–1–18–7 (Burns 1986 Repl.). Each document, however, was certified by the Clerk of each court. Trial Rule 44(A)(1), Ind.Rules of Procedure, is an alternative method of authentication and is a sufficient means of certifying court records in a habitual offender proceeding. *Earls v. State* (1986), Ind., 489 N.E.2d 516. Trial Rule 44(A)(1) provides, in pertinent part:

An official record ... may be evidenced by ... a copy attested by the officer having the legal custody of the record, or by his deputy. Such ... copy need not be accompanied by proof that such officer has custody. Proof that such officer does or does not have custody of the record may be made by the certificate of ... any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office.

The documents in question were certified by the clerk of the court and authenticated by the seal of that office in compliance with Trial Rule 44(A)(1). The records were properly admitted.

### V. Sentencing

Moore challenges his fifty-year sentence as unreasonable in light of the nature of the offense and the character of the accused, and disproportionate under the Eighth Amendment of the United States Constitution.

Sentencing is a matter committed to the discretion of the trial court. A sentence authorized by statute will not be revised on appeal unless the sentence is manifestly unreasonable. *Mullins v. State* (1987), Ind., 504 N.E.2d 570.

■ The presumptive sentence for a class B felony is ten years, with the possible addition of ten years for aggravating circumstances. Ind.Code § 35–50–2–5 (1985 Burns Repl.). In entering sentence, the court noted Moore's criminal history as illustrated by the pre-sentence report, the threat of serious injury that Moore caused when the gun discharged, the need for incarceration to rehabilitate Moore, and the seriousness of the offense which would be depreciated by a lesser sentence. The judge found no mitigating factors. He imposed the maximum sentence for a class B felony and enhanced that sentence by the thirty years required by the habitual offender determination. Ind.Code § 35–50–2–8. This sentence is authorized by statute and is not manifestly unreasonable.

■ Moore also argues that the sentence is disproportionate and therefore a violation of the Eighth Amendment of the United Stated Constitution, citing *Solem v.*

*Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (life sentence without possibility of parole for a seventh nonviolent felony violates Eighth Amendment). The Eighth Amendment, as interpreted by *Solem,* does not require an extended proportionality analysis for a term of years. *Taylor v. State* (1987), Ind., 511 N.E.2d 1036. Moore also challenges his sentence under Art. I, § 16 of the Indiana Constitution. The Indiana Constitution does require a proportionality analysis, which considers both the nature and gravity of the present offense as well as the nature of the prior offenses. *Id.* at 1309.

The present offense is a class B felony which Moore committed while armed with a deadly weapon. It discharged during the commission of the crime. The potential for personal injury is serious when criminals brandish loaded weapons. The legislature has provided a twenty-year sentence for aggravated class B felonies. Ind.Code § 35–50–2–5. A recidivist who commits such a crime necessarily faces an enhanced sentence.

The three prior offenses charged in the habitual count were all burglaries which resulted in short term incarceration. Though nonviolent, these crimes indicate a propensity for criminal activity which began in 1967 and has continued unabated to the present. Additionally, Moore's criminal history reflects several violent, non-property crimes, including assault and battery and carrying a concealed weapon. In light of the nature of the present and prior crimes, the fifty year sentence is proportional to the offense and the offender.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.