Donte RANDOLPH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9802–CR–91.

Court of Appeals of Indiana.

June 3, 1998.

Rehearing Denied Sept. 1, 1998.

Hilary Bowe Oakes, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

Donte Randolph ("Randolph") appeals his conviction for carrying a handgun without a license, claiming that the evidence was insufficient because he was merely attempting to return the handgun to its rightful owner.

We affirm.

## FACTS

On the evening of March 8, 1997, security officer David Zumwalt ("Zumwalt") observed Randolph point a handgun at the vehicle stopped behind Zumwalt's automobile. As Randolph pointed the handgun at the vehicle, Zumwalt heard Randolph yell "do you fucking want some of this?" Record at 81. Zumwalt then stopped Randolph and detained him until police arrived at the scene. As he was being questioned by the police, Randolph told the questioning officer that he did not know that he needed a license for the handgun. Record at 96.

At his bench trial, Randolph presented witnesses that testified that the handgun was not Randolph's and that Randolph was merely trying to return the handgun to the rightful owner when he waved the handgun out the window of his vehicle. Despite this testimony, the trial court found Randolph guilty of carrying a handgun without a license. Randolph appeals this conviction.

## DISCUSSION

Randolph argues that there was insufficient evidence because Randolph's momentary possession of the handgun was excused as an attempt to return the handgun under Indiana Code § 35–41–2–1(b). The State contends that there was sufficient evidence

that Randolph was not attempting to return the handgun and that Indiana Code § 35–41–2–1(b) does not apply in this instance. We agree.

 When reviewing a challenge to the sufficiency of the evidence, we look only to the probative evidence and reasonable inferences therefrom most favorable to the verdict. *Moore v. State*, 515 N.E.2d 1099, 1101 (Ind.1987). We will neither reweigh the evidence nor judge the credibility of the witnesses, and we will affirm if there is substantial evidence of probative value supporting the verdict. *Owens v. State*, 659 N.E.2d 466, 474 (Ind.1995). Indiana Code § 35–41–2–1(b) provides: "If possession of property constitutes any part of the prohibited conduct, it is a defense that the person who possessed the property was not aware of his possession for a time sufficient for him to have terminated his possession."[1] For this statute to apply to Randolph, he must not have been aware that he possessed the handgun. *Id.* Randolph does not claim that he was not aware of the handgun; he simply says that he was only holding it long enough to return it to the owner. Indiana Code § 35–41–2–1(b) was designed to create a defense in the situation where the person is not aware of his or her possession of illegal property at the time it is found. *McClendon v. State*, 671 N.E.2d 486, 488 (Ind.Ct.App.1996). Because Randolph knew he possessed the handgun, he may not avail himself of the defense set out in Indiana Code § 35–41–2–1(b).

At trial, Zumwalt testified that Randolph pointed the handgun at the other vehicle and said "do you fucking want some of this?" Record at 81. A reasonable inference to be drawn from this testimony was that Randolph was not attempting to return the handgun to its owner, but was instead threatening to use it on the occupants of the other vehicle. Moreover, Randolph's statement upon arrest that he did not know he needed a license for the handgun further supports that inference. Though the evidence was conflicting, it was sufficient to support Randolph's

conviction for carrying a handgun without a license.

Affirmed.

RUCKER and MATTINGLY, JJ., concur.

---

[1] The State contends that this statute is unavailing because the crime of carrying a handgun does not include the element of possession. We need not address this claim because we base our decision on other grounds. For a discussion of the difference between carrying and possessing a handgun, see *Walker v. State*, 631 N.E.2d 1, 2 (Ind.Ct.App.1994).